UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 0 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. L-01-298 |
| VALERIA RENA BENSON | § § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about February 28, 2001, in the Southern District of Texas and within the jurisdiction of the Court, **Defendant,**

**VALERIA RENA BENSON,**

did knowingly and intentionally possess with intent to distribute a controlled substance. This offense involved a quantity in excess of 100 kilograms of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL:

FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

NOELLE M. DIMARCO
Assistant United States Attorney

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By _____
Deputy Clerk

AO 245B (Rev. 3/01) Judgment in a Criminal Case

United States District Court
Southern District of Texas
FILED
JUN 1 9 2003
Michael N. Milby, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Laredo

United States District Court
Southern District of Texas
ENTERED
JUN 2 5 2003
Michael N. Milby, Clerk
Laredo Division

UNITED STATES OF AMERICA

v.

**VALERIA RENA BENSON**

JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **5:01CR00298-001**

DAVID ALMARAZ
Defendant's Attorney

☐ See Additional Aliases sheet.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    ONE ON 6/1/2001

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | POSSESS WITH INTENT TO DISTRIBUTE A QUANTITY IN EXCESS OF 100 KILOGRAMS, THAT IS 151.41 KILOGRAMS OF MARIHUANA | 2/28/2001 | ONE |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are    dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ███████
Defendant's Date of Birth: ███████
Defendant's USM No.: 96760-079
Defendant's Residence Address:
███████
███████

Defendant's Mailing Address:
███████
███████

6/13/2003
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

**GEORGE P. KAZEN**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

6/19/03
Date

VYL/car

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By _[signature]_

34

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

DEFENDANT: **VALERIA RENA BENSON**
CASE NUMBER: **5:01CR00298-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ 60 months consecutive and in addition to 5 months imposed in docket number 5:01CR00298-001, for a total of 65 months.

The defendant waived the right to appeal the sentence.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a facility near Montgomery, Alabama.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 pm on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3 -- Supervised Release

Judgment -- Page 3 of 6

DEFENDANT: VALERIA RENA BENSON
CASE NUMBER: 5:01CR00298-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 year(s).

☐ See Additional Supervised Released Terms Sheet.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ See Additional Mandatory Conditions Sheet

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3 -- Continued 2 -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT: VALERIA RENA BENSON
CASE NUMBER: 5:01CR00298-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such a program, based on ability to pay as determined by the probation officer.

The defendant is required to perform 75 hours of community service as approved by the probation officer to be completed within the first year of supervised release.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 5, Part A -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT: VALERIA RENA BENSON
CASE NUMBER: 5:01CR00298-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $        | $               |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|---------------------------|-----------------------------------|---------------------------------------------|
|                   |                           |                                   |                                             |

☐ See Additional Restitution Payees Sheet.

| TOTALS | $0.00 | $0.00 |
|--------|-------|-------|

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

   ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

```
RUN ON 07/05/07                    FEDERAL COURT SYSTEMS                         PAGE: 1
                                 SOUTHERN DISTRICT OF TX
                                   CASE INQUIRY REPORT

*********************************************************************************

CASE NO: 5:01-CR-298-1         TITLE: USA VS VALERIA RENA BENSON

 1  DEFENDANT #    VALERIA RENA BENSON

                 ORDERED AMOUNT    AMOUNT PAID    BALANCE DUE    ACCOUNT   PAYMENT TYPE
                 ---------------   -----------    -----------    -------   ------------
                      100.00          100.00          0.00        504100   SPECIAL ASSESSMENT
                      ------          ------          ----
                      100.00          100.00          0.00

TRANSACTION     RECEIPT/    RECEIPT/    INCREASE/    TYPE OF    ACCOUNT   DEFENDANT      OTHER
                VOUCHER     VOUCHER     (DECREASE)   TRANS-     NUMBER    PAYEE/BANK
                NUMBER      DATE        CASE BAL     ACTION               NUMBER

RECEIVED     4040723120l    05/15/04      65.97       CH        504100       1           65.97
RECEIVED     4040730370l    06/05/04      25.00       CH        504100       1           25.00
RECEIVED     4040748020l    07/03/04       9.03       CH        504100       1            9.03

********* CASE SUMMARY *********

TOTAL CASE BALANCE:                       100.00

BALANCE IN U.S. TREASURY:                                                              100.00
CASE DEPOSITORY MAINT. BALANCE :            0.00
BALANCE IN COMMERCIAL BANKS:                                              U.S.       COMMERCIAL
CASE DEPOSITORY MAINT. BALANCE :            0.00                        TREASURY       BANKS
DEPOSITS TO RECEIPT ACCOUNTS:                                             0.00          0.00

TYPE OF TRANSACTION:
  AJ: ADJUSTMENT          BT: BANK TRANSFER       BV: BANK VOUCHER        CH: CASH
  BD: ADJUSTMENT-388800   CC: CREDIT CARD         CN: CONVERSION          CR: CASE REFUND
  CD: DIRECT BANK DEPOSIT CL: COLLATERAL          DV: DEBIT VOUCHER       FF: FORFEITURE
  CK: CHECK               DW: DIRECT WITHDRAWL    TR: TRANSFER            VD: VOID
  CV: CASE VOUCHER        MO: MONEY ORDER
  I:  INTEREST
```

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By: [signature]
Deputy Clerk

CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Laredo)
## CRIMINAL DOCKET FOR CASE #: 5:01-cr-00298 All Defendants
### Internal Use Only

Case title: USA v. Benson
Magistrate judge case number: 5:01-mj-00748

Date Filed: 03/20/2001
Date Terminated: 06/13/2003

Assigned to: Judge George P. Kazen

### Defendant

**Valerie Rena Benson** (1)
*TERMINATED: 06/13/2003*
also known as
Valerie Renee Benson

represented by **David Almaraz**
Attorney at Law
1802 Houston St
Laredo, TX 78040
956-727-3828
Fax: 956-725-3639 fax
Email: almaraz@netscorp.net
*TERMINATED: 06/13/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Noelle M Reed**
(See above for address)
*TERMINATED: 06/13/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Pending Counts

Possess with intent ot distribute approx. 334 lbs. gross weight of marijuana.
PENALTY: 5 to 40 Yrs. and/or $2 Million, $100 spec Assessment 5 Yrs. Term of supervised release.
(1)

### Disposition

SENTENCE: 60 mos to serve this case; 5 mos to serve L-01-CR-1300 Consecutive; 5 yrs tsr concurrent; $100 cvf; No fine; 75 hrs com/svs within 1st yr of tsr; deft waived appeal; Placement near Alabama; Drug treatment aftercare; mental health care; deft remanded to custody

### Highest Offense Level (Opening)

Felony

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By: [signature]

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA** represented by **Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Pretrial Svcs-La**
PO Box 1460
Laredo, TX 78042-1460
956-794-1030 fax
Fax: 956-790-1743
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation - L**
1300 Victoria, Ste 2111
Laredo, TX 78040
956-726-2915 fax
Fax: 956-726-2915 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Noelle M Reed**
Skadden Arps et al
1000 Louisiana Street
Suite 6800
Houston, TX 77002
713-655-5122
Fax: 713-655-5200 fax

Email: nreed@skadden.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2001 | | AO 257 Information Sheet as to Valerie Rena Benson , filed. [ 5:01-m -748 ] (nortiz) (Entered: 03/02/2001) |
| 03/01/2001 | | Initial appearance as to Valerie Rena Benson held before Magistrate Judge Adriana Arce-Flores; Deft. retained Atty. David Almaraz; Bond set at $75,000.00 with a $1,500.00 cash deposit and 1 co-surety; Deft. remanded to custody ; Preliminary Examination set for 11:00 3/9/01 for Valerie Rena Benson Ct Reporter: Sara Medellin Interpreter: Cindy de Pena A. Guardiola, AUSA; T. Salazar, PTSO; Juan Perez, DEA Agent (Defendant informed of rights.) , filed. [ 5:01-m -748 ] (nortiz) (Entered: 03/02/2001) |
| 03/01/2001 | | CJA 23 FINANCIAL AFFIDAVIT by Valerie Rena Benson , filed. [ 5:01-m -748 ] (nortiz) (Entered: 03/02/2001) |
| 03/02/2001 | | Appearance BOND with Order Setting Conditions of Release entered by Valerie Rena Benson in Amount $ 75,000.00 with a $1,500.00 cash deposit, filed. ( Signed by Magistrate Judge Adriana Arce-Flores ) Bond Depositor & Co-Surety: Larry Nelson, 510 E. Moye Dr., Montgomery, AL 36109, Tel: (334) 271-6590 [ 5:01-m -748 ] (nortiz) (Entered: 03/07/2001) |
| 03/09/2001 | | Waiver of Preliminary Examination or Hearing by Valerie Rena Benson , filed. [ 5:01-m -748 ] (nortiz) (Entered: 03/13/2001) |
| 03/20/2001 | 1 | INDICTMENT as to Valerie Rena Benson (1) count(s) 1 ,filed. (bmendoza) (Entered: 04/02/2001) |
| 03/20/2001 | 2 | NOTICE of Setting : set Arraignment for 8:00 3/29/01 for Valerie Rena Benson before Magistrate Judge Adriana Arce-Flores , filed. Parties ntfd. (bmendoza) (Entered: 04/02/2001) |
| 03/29/2001 | 3 | Arraignment held before Magistrate Judge Adriana Arce-Flores Ct Reporter: ERO, Interpreter: Cindy de Pena, App: D. Morrow f/N. Dimarco f/govt, D. Almaraz f/deft, filed. Plea of Not Guilty: , Valerie Rena Benson (1) count(s) 1 Bond continued. (amontemayor) (Entered: 04/05/2001) |
| 03/29/2001 | 4 | SCHEDULING ORDER setting Motion Filing deadline on 10:00 4/13/01 for Valerie Rena Benson ; Pretrial Conference for 9:00 5/15/01; Jury Selection for 1:30 5/18/01 before Chief Judge George P. Kazen, entered. Parties ntfd. (amontemayor) (Entered: 04/05/2001) |
| 05/15/2001 | 5 | Final Pre-trial conference as to Valerie Rena Benson held before Chief Judge George P. Kazen , deft announces trial, Jury Selection for 9:00 5/21/01 for Valerie Rena Benson ; Jury Trial for 9:00 5/30/01 Ct Reporter: Verdin; App: DiMarco f/gvt; D Almaraz f/dft , filed. |

| | | |
|---|---|---|
| | | (amontemayor) (Entered: 05/21/2001) |
| 05/21/2001 | 6 | NOTICE of Setting :Jury Selection, Fri June 1, 2001 at 1:30pm and Trial Tues., June 5, 2001 at 9:00am , filed. Parties ntfd. (amontemayor) (Entered: 05/21/2001) |
| 06/01/2001 | 7 | Re-Arraignment held before Chief Judge George P. Kazen Ct Reporter: Verdin; App: Marmolejo f/gvt; Almaraz f/dft , filed., Plea of Guilty: Valerie Rena Benson (1) count(s) 1 (Terminated motions - ) written; factual basis for guilty plea filed; order for PSI, due July 6, 2001; deft bond continued. (amontemayor) (Entered: 06/06/2001) |
| 06/01/2001 | 8 | Plea Agreement as to Valerie Rena Benson , filed. (amontemayor) (Entered: 06/06/2001) |
| 06/01/2001 | 9 | FACTUAL BASIS for Plea as to Valerie Rena Benson , filed. (amontemayor) (Entered: 06/06/2001) |
| 06/01/2001 | 10 | ORDER for Disclosure of PSI , PSI completion by 7/6/01 for Valerie Rena Benson before Chief Judge George P. Kazen , entered. Parties ntfd. (amontemayor) (Entered: 06/06/2001) |
| 10/26/2001 | 11 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Valerie Rena Benson , filed. No objections. (amontemayor) (Entered: 10/26/2001) |
| 10/26/2001 | 12 | SEALED Confidential Sentencing Recommendation regarding Valerie Rena Benson to the Court, filed and placed in vault. (amontemayor) (Entered: 10/26/2001) |
| 11/05/2001 | 13 | NOTICE of Setting : Set Sentencing for 9:00 11/8/01 for Valerie Rena Benson before Chief Judge George P. Kazen , filed. Parties ntfd. (amontemayor) (Entered: 11/06/2001) |
| 11/06/2001 | 14 | MOTION by Valerie Rena Benson to continue , filed. (amontemayor) Modified on 11/06/2001 (Entered: 11/06/2001) |
| 11/07/2001 | 15 | NOTICE of Setting : Set Sentencing for 9:00 11/15/01 for Valerie Rena Benson before Chief Judge George P. Kazen , filed. Parties ntfd. (amontemayor) (Entered: 11/15/2001) |
| 11/15/2001 | 16 | Call for Sentence as to Valerie Rena Benson not held before Chief Judge George P. Kazen Ct Reporter: Verdin; App: G Rdz f/gvt; Almaraz f/dft. Deft FAILED TO APPEAR; Bench Warrant to be issued , filed. (amontemayor) (Entered: 11/15/2001) |
| 11/15/2001 | | Bench WARRANT issued as to Valerie Rena Benson. (amontemayor) (Entered: 11/15/2001) |
| 11/15/2001 | | (Court only) **Location LF as to Valerie Rena Benson. (amontemayor) (Entered: 11/15/2001) |
| 11/27/2001 | 17 | MOTION by USA as to Valerie Rena Benson for default judgment of bond against Valerie Rena Benson , filed. (amontemayor) (Entered: 11/28/2001) |

| | | | |
|---|---|---|---|
| 06/03/2002 | | 18 | arrest WARRANT issued 11/15/01 Returned Executed as to Valerie Rena Benson on 5/31/02 , filed. (bmendoza) (Entered: 06/04/2002) |
| 06/07/2002 | | 19 | Rule 40 Documents as to Valerie Rena Benson received from Montgomery Alabama with following paperwork: financial affidavit, waiver of rule 40 hrgs, initial appearance minutes, commitment to another district and docket sheet. (dflores) (Entered: 06/07/2002) |
| 06/07/2002 | | 20 | CJA 23 FINANCIAL AFFIDAVIT by Valerie Rena Benson from Montgomery Alabama, filed. (dflores) (Entered: 06/07/2002) |
| 06/07/2002 | | 21 | WAIVER of Rule 40 Hearings by Valerie Rena Benson in Montgomery Alabama, filed. (dflores) (Entered: 06/07/2002) |
| 06/07/2002 | | 22 | Initial appearance in Montgomery Alabama as to Valerie Rena Benson held before Delores R Boyd Interpreter: none; App: Brunson f/gvt; K Butler f/dft (Defendant informed of rights.) , filed. Dft requests appt counsel; order apptg community defender organization; waiver of waiver r 40 hrg; bond not executed; dft remanded to custody. (dflores) (Entered: 06/07/2002) |
| 06/07/2002 | | 23 | Order of Commitment to Another District as to Valerie Rena Benson, entered. The US Marshal will transport this defendant to Laredo TX. (dflores) (Entered: 06/07/2002) |
| 06/20/2002 | | 24 | Initial appearance as to Valerie Rena Benson held before Magistrate Judge Adriana Arce-Flores Ct Reporter: S Medellin/ERO; Tape Number: 1; Interpreter: none; App: J Smith f/gvt; D Almaraz not present (Defendant informed of rights), filed. Financial affidavit, executed; no bond set; sentencing before Judge George P Kazen; dft remanded to custody. (dflores) (Entered: 06/26/2002) |
| 06/20/2002 | | 25 | CJA 23 FINANCIAL AFFIDAVIT by Valerie Rena Benson, filed. (dflores) (Entered: 06/26/2002) |
| 07/15/2002 | | 26 | CJA 20 as to Valerie Rena Benson: Appointment of Attorney, David Almaraz (Appointed by Magistrate Judge Adriana Arce-Flores), entered. (dflores) (Entered: 07/22/2002) |
| 08/23/2002 | | 27 | MOTION by Valerie Rena Benson for Psychiatric Exam of deft to determine Competency, Anity and Mental Capacity , filed. (amontemayor) (Entered: 08/23/2002) |
| 08/23/2002 | | 28 | MOTION by Valerie Rena Benson for order directing the USM to cause deft to appear for examination , filed. (amontemayor) (Entered: 08/23/2002) |
| 08/27/2002 | | <u>29</u> | ORDER granting dfts [27-1] motion for Psychiatric Exam of deft to determine Competency, Sanity and Mental Capacity as to Valerie Rena Benson (1) ( Signed by Chief Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 08/28/2002) |
| 08/27/2002 | | <u>30</u> | ORDER granting dfts [28-1] motion for order directing the USM to cause deft to appear for examination as to Valerie Rena Benson (1) ( Signed by |

| | | |
|---|---|---|
| | | Chief Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 08/28/2002) |
| 08/28/2002 | | (Court only) **Renoticed document [29-1] order (dflores) (Entered: 08/28/2002) |
| 06/13/2003 | 31 | Sentencing held before Chief Judge George P. Kazen Ct Reporter: Leticia E. Verdin Interpreter: not used; App: D Morrow f/R Jones/ D Almaraz, Valerie Rena Benson (1) count(s) 1. SENTENCE: 60 mos to serve this case; 5 mos to serve L-01-CR-1300 Consecutive; 5 yrs tsr concurrent; $100 cvf; No fine; 75 hrs com/svs within 1st yr of tsr; deft waived appeal; Placement near Alabama; Drug treatment aftercare; mental health care; deft remanded to custody, filed. US Probation Officer: Bonnie Lopez. (amontemayor) (Entered: 06/20/2003) |
| 06/13/2003 | | (Court only) **Case closed as to all defendants: Valerie Rena Benson (amontemayor) (Entered: 06/20/2003) |
| 06/19/2003 | 32 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Valerie Rena Benson, no objections, filed. (dflores) (Entered: 06/23/2003) |
| 06/19/2003 | 33 | SEALED Confidential Sentencing Recommendation regarding Valerie Rena Benson to the Court, filed and placed in vault. (dflores) (Entered: 06/23/2003) |
| 06/19/2003 | 34 | JUDGMENT as to Valerie Rena Benson (1) count(s) 1 ( Signed by Chief Judge George P. Kazen ), entered. Parties ntfd. The Statement of Reasons has been placed under seal in the envelope with the Original Presentence Report. Copies of the SOR have been sent to the appropriate defense counsel, the AUSA, and the US Marshal. (dflores) (Entered: 06/25/2003) |
| 02/26/2004 | 35 | MOTION by Valerie Rena Benson to reduce sentence , filed. (dflores) (Entered: 03/03/2004) |
| 02/27/2004 | 36 | MEMORANDUM as too Valerie Rena Benson ( signed by Judge George P. Kazen ), entered. Parties ntfd. (dflores) (Entered: 03/03/2004) |
| 05/15/2006 | 37 | ORDER as to Valerie Rena Benson, ORDER to Disburse Bond in the amount of $1,500.00 to Depositor: Larry Nelson as to Valerie Rena Benson ( Signed by Judge George P. Kazen ). Parties notified. (mmarquez) (Entered: 05/16/2006) |
| 07/05/2007 | 38 | Probation Jurisdiction Transferred to Middle District of Alabama - Montgomery Division as to Valerie Rena Benson, filed. Mailed transfer and certified copies of indictment, judgment, financial sheet and docket sheet.(dgonzalez) (Entered: 07/05/2007) |